UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE WHITLEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-cv-06493 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Steven C. Seeger |
| and Chicago Police Officer | ) | |
| JEREMY CARTER, | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendants. | ) | Jury Demand |

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claim is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff TERRENCE WHITLEY is a resident of Chicago, Illinois.

5. At the time of the events set forth in this lawsuit, Plaintiff was 16 years old and a minor under Illinois law.

6. While Plaintiff has sued under federal statute 42 U.S.C. § 1983, state law determines the length of the statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019).

7. Plaintiff turned 18 years old on June 30, 2020. This lawsuit was timely filed within

1

the two-year period after Plaintiff turned 18 pursuant to 735 ILCS 5/13-211(a).

8. Defendant JEREMY CARTER, Star 4007, ("Defendant CARTER") is a duly appointed and sworn Chicago police officer. At all times relevant to this Complaint, Defendant CARTER was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation. Defendant CARTER is sued in his individual capacity.

9. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer and principal of Defendant CARTER.

**Facts**

10. In the evening of December 5, 2018, Plaintiff Terrence Whitley was sitting in the driver's seat of a car parked at the Shell station and store located at 3944 West Roosevelt Road, in Chicago.

11. Plaintiff was waiting for his passenger to come out of the store.

12. In his peripheral vision, Plaintiff noticed a gun barrel pointed at him from a position left and to the rear of his head. He could not see who was holding the gun.

13. Defendant CARTER was pointing the gun at Plaintiff. He did not identify himself as a police officer.

14. Plaintiff was unarmed. He did not make any threats against Defendant CARTER and was not a danger to him.

15. Defendant CARTER shot Plaintiff in the left hand.

16. Plaintiff was seized and not free to leave.

17. Defendant CARTER's shooting of Plaintiff was excessive and unreasonable.

18. Defendant was taken to Mt. Sinai Hospital for treatment of his gunshot wound.

19. Defendant CARTER acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

20. As a direct and proximate result of the acts of Defendant CARTER, Plaintiff suffered damages including loss of physical liberty, physical pain and suffering, and emotional distress.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

21. Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

22. Defendant CARTER seized Plaintiff as he was sitting in a car.

23. Defendant CARTER did not have probable cause or any other legal justification to seize Plaintiff.

24. The seizure of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:
a) Enter judgment against Defendant CARTER,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

25. Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

26. Defendant CARTER violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant CARTER,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

27. The acts of Defendant CARTER described in the above claims were willful and wanton and committed in the scope of employment.

28. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from Defendant CARTER's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Chicago to indemnify Defendant CARTER for any judgment for compensatory damages in this case arising from his actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Daniel P. Kiss
*Counsel for the Plaintiff*

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
53 W. Jackson Blvd., Suite 724
Chicago, Illinois 60604
(312)765-0100
louismeyer@meyerkiss.com
dankiss@meyerkiss.com